DOE EX DEM. KENNEDY vs. HOLMAN & HOWARD.

1. Under the statutes and rules of court regulating the action of eject-ment in this State, a plaintiff may proceed for his costs and dama-ges, after the premises have been recovered against him by an ad-versary plaintiff in another suit; consequently a plea *puis darrein continuance* of a recovery by a stranger is demurrable, if pleaded to the whole action, because it is no defence to the recovery of dama-ges.

2. But a plea of a recovery by a stranger *puis darrein continuance* is no bar to a recovery of the premises; for the defendant, if not estopped from denying the plaintiff's title by some peculiar relation existing between them, may protect himself against a recovery by showing a superior outstanding title in a stranger; and if the plaintiff's title is superior, he ought not to be prevented from recovering against the defendant by reason of a recovery of the premises by one who would in turn become liable to him for damages upon entering into posses-sion.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

GEO. N. STEWART, for plaintiff in error.

No counsel, *contra.*

CHILTON, J.—The plaintiff in error brought an action of ejectment to recover a lot of ground in the city of Mobile. The declaration and notice having been served on Lewis and Otis, tenants in possession, and they failing to appear, at the Fall Term of the Circuit Court, 1841, the plaintiff took judgment by default against the casual ejector, and a writ of *habere facias,*

&c., was issued, and the representatives of the lessor of the plaintiff were put in possession by the sheriff.

At the Spring Term, 1842, Oliver Holman and Agnes Howard moved the court to be restored to possession of the *locus in quo*, and exhibited affidavits showing that they had been turned out of possession by the writ so executed by the sheriff, that they had no notice, &c., and propounding their interest as heirs of Abner Holman, they prayed to be admitted to defend. The Circuit Court rejected their application, and upon their writ of error to this court, the judgment was reversed. At the Spring Term, 1843, the cause having been remanded, the Circuit Court made an order allowing the said Holman and Howard to come in and defend, and thereupon they entered into the usual consent rule, and pleaded not guilty. After a verdict for the plaintiff, and a new trial, at the April Term, 1848, the said Holman and Howard, by leave of the court, filed their plea, setting forth " that since the last continuance of this cause, viz., on the 28th day of December, 1847, the President, Directors and Company of the Bank of Norfolk, a company incorporated and residing in the State of Massachusetts, obtained a judgment in ejectment, for a moiety of the premises, in the Circuit Court of the United States for the 9th Judicial District, in which suit the lessees of the said Howard became parties as tenants in possession. And the said ejectment was brought upon a mortgage held by the said bank upon the said property, which mortgage was given prior to the possession of the said defendants by a party claiming to hold title from their ancestors, and which was paramount to their claim of title, and the said suit was an adversary suit. And the said Holman and Howard further show and allege, that at the ―― Term of the Court of Chancery for the First Chancery District, in a suit to foreclose the said mortgage, upon a bill filed by the said bank, wherein the said Holman and Howard were prayed to be made defendants, such proceedings were had, that by the decree of the said court, the premises were declared to be subject to the said mortgage debt, which decree was afterwards, viz., at the ―― Term of the Supreme Court, affirmed, and by the final decree of the said Chancery Court, made since the last continuance, it was ordered that the former orders and decrees be carried into effect. And the said bank have taken possession of the entire premises under the title afore-

said, and the defendants are no longer in the possession. And the said bank are not, nor have they ever held a title, in privity with that of these defendants, nor with the possession of Lewis and Otis; which these defendants are ready to verify, wherefore they pray judgment whether they ought to be further compelled to answer the said suit, and that the same may be quashed."

To the foregoing plea the plaintiff demurred, which demurrer was overruled. He then replied that he had no notice of the said mortgage and recovery in ejectment, as set forth in the plea, &c. To this replication the defendants demurred, and the court sustained the demurrer.

The plaintiff declining to proceed further, the court gave judgment that the defendants go hence and recover their costs, &c.

The legal sufficiency of this plea is the question to be decided.

It is laid down in Comyn, that if land be recovered by a stranger pending the writ, it thereby abates; but if the recovery was not against the defendant, but a stranger, it is no plea; so if it was by collusion; so, also, if the tenant enfeoff another pending the writ, and afterwards disseize his feoffee, who recovers against him, such recovery does not abate the writ; nor will a recovery by *nil dicit* have this effect, if the judgment of recovery was upon a writ brought after the first writ was purchased; nor a recovery by render or default.—Comyn's Dig. tit. Abatement, H. 54, 1, 2.

The same author, speaking of the form of the plea, says "that if a recovery be pleaded, it ought to be pleaded that execution is also sued." We have been unable to obtain the old authorities to which he refers, so as to ascertain whether the rule stated by him applies solely to real actions, or is extended so as embrace the mixed action of ejectment. The only American case referred to by the editor of Comyn is Walcutt v. Spencer, (14 Mass. 409,) where the court, per Jackson, J., recognize the rule stated by Comyn as applicable to writs of entry at common law. There is much reason in holding that in a writ of entry, where the defendant is commanded either to deliver seizin of the land to the demandant, or show cause why he will not, to allow him to set up in abatement of the writ that he cannot comply with its mandate, since he has, *puis darrein continuance*, been ousted by title paramount to his, or evicted by an adversary judicial proceeding. The tenant in such case ceases wrongfully to with-

Doe ex dem. Kennedy v. Holmam & Howard.

hold the possession of the land from the demandant. He is driven from the contest by title paramount, or by the execution of the sentence of the law, and being dispossessed, he cannot render the possession to the demandant, though the court should so adjudge. But we are unable to perceive any reason or propriety in applying such a rule to the action of ejectment, as the same obtains under our law. According to our statute, when the action of ejectment is brought, the jury are required to assess the damages in favor of the real plaintiff, as in actions of trespass to try titles, (Clay's Dig. 320, § 46,) and by rules of this court, adopted in 1842, the mode of proceeding where there are several actions pending for the same premises is pointed out. Clay's Dig. 611, § 25-6-7. By the provisions of the 26th sec-above referred to, where several actions of ejectment have been commenced for the same premises on the demises of different lessors, it may be lawful for the plaintiff in either of the cases, during the pendency of his suit, to serve a copy of his declaration on the lessors of the plaintiff, or his attorney, in the other case or cases, with a notice of the pendency of his action, and to require him or them to defend against the same ; and in the event of the recovery by the plaintiff giving the notice, it shall not be lawful for the plaintiff notified as aforesaid to proceed in the action for the recovery of the tenements sued for, but only for cost and damages ; provided that sixty days notice shall be given, before the said plaintiff shall be required to join the consent rule. So that, according to this rule, although a plaintiff may fail with an adversary plaintiff to recover the land, and the same may be recovered against him, he may nevertheless proceed for his cost and damages. In the plea under consideration, it is not averred that the title upon which the Bank of Norfolk recovered is paramount to that of the plaintiff; and if we concede that the change of the possession by judicial sentence *puis darrein continuance* would be an answer to the ejectment as to the land sought to be recovered, since it may have been had upon a title inferior to that of the plaintiff in this action, it would constitute no defence as to the damages which the plaintiff may have sustained by the wrongful occupancy of the land by the defendants. The plea, however, goes to the whole action.

But we do not think it good for any purpose. If the title of the bank be superior to that of the plaintiff in this action, the

defendants, being tenants,in possession, and not estopped by the existence of any peculiar relation which they bear to the plaintiff's title, may set up that superior outstanding title to defeat the recovery. It is thus they may protect themselves against liability to damages to any one but the true owner of the premises. But we confess that we are unable to discover upon what principle, founded in justice or legal right, the defendants may exonerate themselves from liability to damages to the true owner, for their unlawful detention of the premises from him, by reason of a recovery of the premises from them by one, who, in turn, would become liable to pay damages upon entering into possession. This hypothesis is not inconsistent with the plea which was demurred to, and shows, we think, that it cannot be supported.

Upon the whole, we are of opinion that the plaintiff should be permitted to try his title, and if the bank, or any one else in possession when this suit was instituted, claims superior right, the rules governing this action, as declared by the several statutes and the rules of court above referred to, and recognized by this court in Howard & Holman v. Kennedy's Executors, (4 Ala. 592,) furnish a clear remedy for asserting and maintaining that right.

The judgment is reversed and the cause remanded.

DARGAN, C. J., not sitting.