## MASON *vs.* STORRS.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Revivor of action by tenant for life.*—If tenant for life bring a real action in nature of ejectment, and die pending the suit, the action cannot, either at common law, or under section 2158 of the Code, be revived in the name of the remainder-man, but can only be revived in the name of the personal representative of the deceased tenant for life.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. WILLIAM M. BROOKS.

THIS action was brought by Mrs. Jane R. Storrs, to recover a lot in Wetumpka, of which the defendant, Thos. W. Mason, was in possession, together with damages for its detention; and was commenced on the 4th September, 1855. The plintiff claimed the lot in controversy under the will of her deceased husband, Seth P. Storrs, by which it (with other property) was devised and bequeathed to her, during her natural life, for the support and maintenance of herself and children by the testator, with remainder to the children. The death of the plaintiff having been suggested, the suit was revived in the name of her

personal representative and heirs-at-law, and also in the name of the heirs-at-law of said testator; the children of said testator and plaintiff being the heirs of each. The defendant excepted to the action of the court in permitting the revivor of the suit in the names of these parties, and he now assigns it as error.

WATTS, JUDGE & JACKSON, for appellant.

ELMORE & YANCEY, *contra*.

A. J. WALKER, C. J.—The widow of Seth P. Storrs was, under his will, only a tenant for life of the legal estate. Her estate terminated by death. The children of her deceased husband and herself were entitled to the estate in remainder. Upon the death of a tenant for life, a pending action in her favor, for the recovery of land, cannot be revived in favor of the remainder-men. The remainder-men are neither heirs, devisees, nor personal representatives of the tenant for life; and cannot, therefore, assert, in an action commenced by the tenant for life, their title in remainder. They are not within the statute authorizing the revivor of "actions to try the title, or for the recovery of the possession of lands," (Code, § 2158;) and there is certainly no rule of common law, authorizing a revivor in their favor.—Adams on Ejectment, 320. Upon the death of the tenant for life, the revival should have been in the name of her personal representative alone, as nothing besides the damages could be recovered.

The judgment of the court below is reversed, and the cause remanded.