# Hairston *v.* Dobbs.

*Statutory Action in Nature of Ejectment.*

1. *What title will authorize recovery.*—To authorize a recovery in ejectment, or the statutory action in the nature of ejectment, the plaintiff must, as a general rule, have a legal title at the commencement of the action, and that title must continue up to the time of the trial ; but, when he sues as the owner of an estate *per autre vie*, which terminates before the trial, though he can not recover the possession, he may recover mesne profits, or damages.

2. *Merger of life-estate in fee.*—When the owner of an estate for life acquires by purchase the remainder or reversion fee, the less estate becomes merged in the greater, and his title is an absolute fee, on which he may recover in ejectment, or the statutory action in the nature of ejectment, commenced before he acquired the fee.

3. *Executor's power to sell under will.*—When the will confers on an executor "full power to purchase or sell any property he may think necessary or proper, * * or to dispose of any property for the benefit of the estate," the power of sale is not limited to lands in which the testator had a present right of possession and enjoyment, but includes also an estate in remainder or reversion.

4. *Title of purchaser from executor.*—If an executor, having power under the will to sell, sells and conveys in payment of his individual debt, and fails to account for the money on settlement, this does not affect the legal title of the purchaser ; and if the devisees have any remedy, it is to recover the purchase-money as unpaid.

5. *Permanent improvements, under adverse possession for three years ; and possession under color of title in good faith, limiting liability for rents.* A suggestion of adverse possession for three years, and the erection of permanent improvements (Code, §§ 2951–54), and possession under color of title in good faith, whereby the liability for rents is limited to one year before the commencement of the suit (*Ib.* § 2966), are inconsistent defenses, and can not be pleaded together ; and when so pleaded, if the defendant will not elect between them, both of them should be struck out by the court.

[Hairston v. Dobbs.]

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This action was brought by Percy Hairston and Ada Hairston, children of Mrs. Mary H. Hairston, and grand children of Mrs. Ann Womack, against Andrew J. Dobbs, to recover the possession of a store-house and lot at Haysville station in said county, with damages for its detention; and was commenced on the 16th February, 1884. The defendant pleaded, 1st, not guilty; 2d, possession under color of title in good faith, whereby his liability for rents was limited to one year before the commencement of the suit; 3d, adverse possession for three years, and the erection of permanent improvements; and, 4th, a special plea *puis darrein continuance*, averring that plaintiffs' only title was the life-estate of Mrs. Ann Womack, which they had acquired by purchase, and which had terminated by her death after the commencement of the suit. The plaintiffs moved to strike out the third plea, because inconsistent with the second, and also demurred to the second, third, and fourth pleas; but their motion and demurrer were overruled. It was admitted on the trial, as the bill of exceptions states, "that the plaintiffs are the children and the only heirs of Mrs. Mary H. Hairston, deceased, who died in February, 1865; that, at the time of Mrs. Hairston's death, Mrs. Ann Womack owned a life estate in the lands here sued for, being her dower in the estate of her deceased husband, and Mrs. Hairston owned the reversion in fee dependent on said life estate; that one J. A. McAlpine became the owner, by purchase and conveyance, of said life estate of Mrs. Womack, and afterwards, in 1872, sold and conveyed the same to plaintiffs for $25;" that Ada Hairston became twenty-one years of age in 1884, a short time before the commencement of this suit, and Percy Hairston attained his majority in February, 1885, but his disabilities on account of infancy were removed by a special act of the General Assembly, approved December 8th, 1880, which was in evidence. It was admitted, also, that Mrs. Womack died in March, 1885, after the commencement of this suit. The defendant claimed title under a purchase and conveyance from Charles Hays, as the executor of the last will and testament of Mrs. Mary H. Hairston; and he offered in evidence the will, with its probate, and the conveyance executed to him by said Hays. By the provisions of said will, the testatrix devised and bequeathed her entire estate, except some specific legacies, to her two children, the plaintiffs in this suit; and it contained a power of sale to the executor, which is copied in the opinion of the court. The executor's deed to the defendant was dated February 26th, 1879, and recited the payment of $450 as its consideration; but the de-

[Hairston v. Dobbs.]

fendant testified, on cross-examination, that a part of this amount was the extinguishment of a debt which said Hays owed him. The plaintiffs objected to the admission of the will as evidence, on the ground that the sale was not authorized by the power therein contained; and they excepted to the overruling of their objection. This being, in substance, all the evidence, the court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they now assign it as error, together with the rulings on the pleadings and evidence above noted.

J. B. HEAD, for appellants.—(1.) Notwithstanding the termination of Mrs. Womack's life estate, the plaintiffs were entitled to recover damages up to the time of her death.—*Kennedy v. Holman*, 19 Ala. 734; *Mason v. Storrs*, 34 Ala. 179; 61 N. Y. 393; 3 Strobh. S. C. 501; 2 Cowen, 355, authorities cited in brief; 1 Sedg. Dam. 245; 2 Suth. Dam. 344. (2.) The second and third pleas set up inconsistent defenses and could not be pleaded together.—*Turnipseed v. Fitzpatrick*, 75 Ala. 297. (3.) The infancy of Percy Hairson at the commencement of the suit, if available at all under the facts, could only be taken by plea in abatment. (4.) The will did not confer on the executor power to sell an estate in reversion; nor was he authorized to sell in payment of his own debt.

G. B. MOBLEY, *contra*. (1.) To maintain ejectment, or the statutory action in the nature of ejectment, the plaintiff must have title and the right of possession at the commencement of the action, and that title must continue up to the time of the trial.—*Scranton v. Ballard*, 64 Ala. 402; 74 Ala. 334; 1 Black, U. S. 454; Tyler on Ejectment, 76. At the commencement of the suit, the plaintiffs had only the life estate of Mrs. Womack, which terminated by her death before the trial; and they could not recover on the fee, which accrued to them on her death.—11 Amer. Rep. 480; Tyler on Ejectment, 383. (2.) The executor had full power, under the will, to make the sale and conveyance to the defendant.—*Babot v. Wetmore*, 17 N. J. Eq. 250; *Stephens v. Minor*, 24 N. J. Eq. 358. (3.) The act relieving Percy Hairston of the disabilities of non-age is unconstitutional; and if he had no right to maintain the action in his own name, his co-plaintiff can not recover. (4.) Sections 2951–54, and sections 2966, Code of 1876, are merely cumulative remedies. At common law, a *bona fide* purchaser under color of title could recover the value of permanent improvements, by way of reduction, *pro tanto*, from the mesne profits.—4 Ala. 367; 13 Ala. 41; 29 Ala.

[Hairston v. Dobbs.]

498; 37 Ala. 606; Waterman on Set-off, 485. There can be no recovery of mesne profits, until there is a judgment for the recovery of the land.—54 Ala. 300; 15 Wall. 215; Sedg. & W. on Trial of Title, § 649.

STONE, C. J.—Among the admitted facts in this case are the following : The store-house and lot, the subject of the present suit, were part or the dower-estate of Mrs. Ann Womack, grandmother of the plaintiffs, with reversionary fee in Mrs. Hairston, her daughter, the mother of the plaintiffs in this action. Mrs. Womack sold her dower-interest-life-estate to McAlpine, who subsequently sold his interest, thus acquired, to plaintiffs. This was several years before the present suit. Mrs. Womack was living when this action was instituted, but died before the trial came off. The Circuit Court gave the general charge in favor of the defendant, and there was verdict and judgment accordingly.

It is contended for the appellee that, to maintain the action of ejectment, or our statutory substitute for it, the plaintiff must not only have a right of recovery at the commencement of the suit, but that right must continue to the trial. That is certainly the rule, so far as the recovery of possession is concerned.—*Scranton v. Ballard*, 64 Ala. 40. But ejectment, or its corresponding statutory action, under our system, has a two-fold object. It recovers possession, and also rents, or mesne profits. If it fails in its primary object, by reason of the termination of the title from natural causes, or inherent imperfection, *pendente lite*, being sufficient when the suit was brought, it may nevertheless be continued for the recovery of mesne profits, or damages.—*Doe, ex. dem. v. Holman*, 19 Ala. 734; *Mason v. Storrs*, 34 Ala. 179; Sedg. on Dam. 120, *margin;* 3 Sutherland on Dam. 344; *Robinson v. Campbell*, 3 Wheat. 212, 223-4; *England v. Slade*, 4 T. R. 682; *Chandler v. Jost*, at present term. The plaintiffs in this case have shown a *prima facie* right to recover mesne profits and costs, and the minority of Percy Hairston, if there be anything in it, is not so raised as that we can consider it.—*Pleasants v. Erskine*, at present term.

Mrs. Hairston left a will, under which the plaintiffs in this suit, her only children, are the chief beneficiaries. The will was probated and established, and Hays, the executor, qualified and entered upon the trust. Under the provisions of the will, the fee of the property in controversy, if not diverted under a power in the will, afterwards to be considered, would and did vest in the plaintiffs, to take effect at the death of the tenant in dower, Mrs. Womack. If no change was wrought in the tenure under and by virtue of the power of sale conferred by

[Hairston v. Dobbs.]

the will, it would seem that, when McAlpine conveyed the life-estate to the plaintiffs, that life-estate and the remainder or reversion in fee became centered in them, and, the lesser estate merging in the greater, their title became an absolute fee.—Tiedman on Real Property, § 63; 2 Black. Com. 177.

The will of Mrs. Hairston, however, conferred on her executor "full power to purchase and sell any property he may think necessary and proper; * * * or, to dispose of any property for the benefit of my estate."

It is contended for appellants that this power did not authorize the executor to sell the property involved in this suit, because Mrs. Hairston's interest in it was not a present right of enjoyment, but only an estate in reversion or remainder. The record does not inform us how she acquired her title, and therefore we can not affirm whether it was a reversion or a remainder. It is immaterial, however, whether it was the one or the other, so far as the merits of this controversy require us to consider the question. We hold that the will did authorize Hays, the executor, to sell the property, and to vest in Dobbs, the purchaser, all the estate and interest Mrs. Hairston owned at the time of her death.—*Bacot v. Wetmore*, 17 N. J. Eq. 250; *Lippincott v. Lippincott*, 19 *Id.* 121; *Stephens v. Milnor*, 24 *Id.* 358. The deed from Hays, as executor, vested the legal title in the latter; but it did not confer a right of possession until the life-estate fell in, by the death of Mrs. Womack.

If any of the purchase-money was paid in any thing other than money, and if such payment did not enure properly and of right to the benefit of the Hairston estate, or in liquidation of a liability which equitably rested upon it, and which has not been otherwise accounted for in the Hays' settlement, this will not change the title Dobbs acquired into a mere equity. If complainants have any remedy in such case, it is a right to recover such balance as unpaid purchase-money.

The defense, in one of its phases, is rested on the averment that Dobbs, "and those whose possession he has, for three years next before the commencement of the suit, have had adverse possession" of the premises sued for, and have made permanent improvements thereon.—Code of 1876, §§ 2951–4. The defense also asserts that Dobbs has held possession under color of title, and in good faith.—Code, 1876, § 2966. These defenses are incompatible, and can not both be insisted on.—*Turnipseed v. Fitzpatrick*, 15 Ala. 297. Defendant must be put to his election, which he will rely on. If he will not elect, the court should strike out both of said lines of defense.—*McQueen v. Lampley*, 74 Ala. 408.

Reversed and remanded.