(93 South. 509)

OWENS v. GACHET et al. (5 Div. 795.)

(Supreme Court of Alabama. Jan. 19, 1922. Rehearing Denied May 18, 1922.)

1. **Executors and administrators** &#8666;138(9) — Deed in official capacity by executor authorized by will held an effort to execute power conferred.

Where testator directed that his executor take charge of the remainder of his property, with discretionary control and management for the benefit of devisees, and "any sales of the property he may desire to make he can do so either publicly or privately and in capacity of executor make good and sufficient warranty titles to the same," a deed by the executor in his official capacity for such property must be accepted as an effort to execute the power conferred by the will.

2. **Executors and administrators** &#8666;138(1) — Discretionary power of executor to sell real estate under will, while vesting title in beneficiaries, practically vests title in executor to accomplish object of trust.

The discretionary power of an executor under a will to sell land for the benefit of testator's children, although containing no express direction to sell, created a personal trust, vesting the fee in the children, unless and until divested by an execution of the power conferred upon the executor, which for practical purposes was equivalent to ownership, since he had effectual power of alienation to accomplish object of creation.

3. **Executors and administrators** &#8666;138(8) — Discretionary power of executor to sell land for benefit of devisees not revoked by oral assent to oral partition prior to his conveyance.

Where discretionary power was given to an executor to sell real estate for benefit of devisees, which he exercised subsequent to an alleged oral partition of the lands between the devisees to which he gave his oral assent, such assent was of no consequence and did not operate to revoke his power to convey the land, and the title passed by such conveyance.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Action of ejectment by William Collins Gachet and others against F. C. Owens. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

N. D. Denson & Sons, of Opelika, and J. J. Mayfield, of Montgomery, for appellant.

Plaintiffs must recover on the strength of their own title, and not on the weakness of that of the defendant. 62 Ala. 365; 151 Ala. 482, 44 South. 375; 137 Ala. 278, 34 South. 850; 148 Ala. 247, 41 South. 822; 205 Ala. 105, 87 South. 351. A devise to the executor to sell passes the legal title to the executor. 26 Ala. 426; 21 Ala. 406; 80 Ala. 589, 2 South. 147; 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160. Parol partition must be followed by adverse possession. 66 Ala. 526; 163 Ala. 376, 50 South. 937; 123 Ala. 112, 26 South. 245, 82 Am. St. Rep. 108.

Weltner & Cheatham, of Atlanta, Ga., and Strother & Hines, of La Fayette, for appellees.

A parol partition of lands vests in each partitioner equitable title to the tract set apart to him, with the right to possess and retain it. 66 Ala. 62; 163 Ala. 376, 50 South. 937; 196 Ala. 248, 72 South. 110. On the death of a married woman, intestate, realty descends to the husband for life, and to the children in remainder. Code 1907, §§ 3574, 3765; 107 Ala. 163, 18 South. 247; 136 Ala. 150, 33 South. 858; 145 Ala. 581, 39 South. 819. The assent of an executor to the passage of property of the estate to the devisees terminates the authority of the executor over the property. 60 Ala. 316; 64 Ala. 468.

SAYRE, J. Plaintiffs (appellees) brought their statutory action of ejectment and recovered of defendant a certain tract of land in Chambers county. William Collins, the common source of title, died in 1886, seized and possessed of the tract in question along with other lands. One of his children, Lou Ella, married W. N. Gachet and became the mother of plaintiffs. After providing for his widow in the first item of his will, William Collins, by item 4, devised the remainder of his estate, including the tract in controversy, to his children, share and share alike. But by item 2, as to the meaning and effect of which some difference of opinion has arisen, he had provided as follows:

"I give, bequeath and devise that the remainder of my estate in whatever it may con-

sist whether real estate [or personal property], all be taken charge of by my executor hereinafter appointed, used and controlled in his discretion for the benefit of my children, that he may continue any part or all of the business I am now engaged in, in my name or make changes as he may deem necessary, to sue for and collect claims of any and all kinds, and give receipts, all to be done by him with the same force and effect as if I were living and doing the same, and any sales of property he may desire to make he can do so either publicly or privately, and in the capacity of executor make good and sufficient warrantee titles to the same."

By item 5, W. N. Gachet was appointed executor, nominated as guardian for testator's children, relieved of making bond, but required "to keep strict account of his actings and doings as such executor and guardian so as to finally make a fair and just settlement with my children, as herein directed." And item 3 had directed the executor "to keep a strict account of all his acts and doings as such executor so as to enable him to make a fair and just settlement with my children as they become of age, or sooner if he should see proper to do so."

[1] December 19, 1894, "W. N. Gachet, executor of the last will and testament of Wm. Collins, deceased," conveyed the tract now in controversy to Atkins and Turner by deed, with full covenants of warranty, which concluded as follows:

"In witness whereof I, the said W. N. Gachet, executor of last will and testament of Wm. Collins, dec'd, has hereunto set my hand and seal, this 19th day of December, in the year of Our Lord, one thousand, eight hundred and ninety four. W. N. Gachet, L. S., Exr. Est. Wm. Collins."

We think this deed must be accepted as an effort to execute the power conferred by the will. Gindrat v. Montgomery Gas Light Co., 82 Ala. 596, 2 South. 327, 60 Am. Rep. 769; Young v. Sheldon, 139 Ala. 444, 36 South. 27, 101 Am. St. Rep. 44. The grantees in this deed went into possession, and defendant holds under a deed from them.

Evidence for plaintiffs tended to show that in 1892 the children of testator, some of them still minors, with the consent and approval of W. N. Gachet, executor as aforementioned, entered into a parol agreement for the partition of the lands of testator by which the tract in suit was assigned to Lou Ella Gachet, wife of the executor and mother of plaintiffs as aforesaid. But no conveyances were executed. It might be conceded, without impairing the soundness of the view we take of the case, that the parties to the partition, Lou Ella being then of full age, went into possession of the several tracts assigned to them respectively. But it is vigorously denied that there is evidence going to show that Lou Ella ever went into possession of the tract in suit or that defendant or her predecessors in title had either actual or constructive notice that this tract was affected by the alleged partition, and our judgment is that, at best, there was hardly more than a scintilla of evidence to that effect. Lou Ella died, intestate, December 16, 1892; W. N. Gachet died April 7, 1918; this action was commenced in 1920.

The theory of the case for plaintiffs is that the parol partition, in the circumstances mentioned, vested in their mother testator's title to the specific tract in suit, and determined the executor's power of sale under the will; that on the death of their mother her title passed to their father for life, remainder to them; that his deed conveyed to his grantees, not the entire fee, but only the grantor's life interest; that during his life plaintiffs could not maintain an action for possession and hence are not barred by the statute of ten years. The case was tried upon the theory that the evidence afforded reasonable support for this view.

[2] Defendant's case is based upon two propositions, either of which, it is urged, is sufficient to defeat this action: (1) The provision shown by item 2 of the will constituted, not a mere power of sale, but a devise to sell; and (2) the parol partition, at best, vested in the parties thereto an equity of which defendant or her predecessors in title had no knowledge or notice.

On consideration of the language of the will it appears that it vested in the executor a power to sell in the execution of the trust created thereby. Patton v. Crow, 26 Ala. 426. There is no direction to sell, but there is full authority to do so for the benefit of testator's children, to be determined by the executor in the exercise of his discretion—a personal trust. The fee of the property in controversy vested in plaintiffs, unless and until divested by an execution of the power conferred upon the executor. Hairston v. Dobbs, 80 Ala. 589, 2 South. 147. But for the practical purposes of this case this power was the equivalent of ownership, since the trustee could dispose of the fee as effectually as any other owner could do, and lost none of its efficiency so long as it may have been used to accomplish any of the purposes testator had in view in its creation. Schaffer v. Lavretta, 57 Ala. 14; Huckabee v. Billingsly, 16 Ala. 414, 50 Am. Dec. 183. It remained in the trustee until he divested himself of it by deed or there was no longer any field for its exercise. Robinson v. Pierce, 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Schaffer v. Lavretta, supra; Huckabee v. Billingsly, supra; Hatt v. Rich, 59 N. J. Eq. 492, 45 Atl. 969. The case then comes to this: Whether the executor's acquiescence in, or approval of, the partition, not evidenced by his deed, operated as an effectual and irrevocable surrender of his power under the will, for, unless the execu-

tor, when he conveyed the land to defendant's vendor, had previously parted with or been shorn of the right to convey, then unquestionably the title passed by the conveyance. What the partitioners did among themselves is of no consequence. There had been no settlement of the estate; there had been no lapse of time sufficient to raise a presumption of settlement or that the power was stale (Morse v. Hackensack Savings Bank, 47 N. J. Eq. 279, 290, 20 Atl. 961, 12 L. R. A. 62) : and the question, as between the heirs or devisees of testator and the purchaser from the executor, is, how was the power of disposition, vested by the will in the executor, affected by what he did—by his parol approval of the alleged partition?

[3] Appellees cite and rely on cases from this and other jurisdictions in which the courts have dealt with the circumstances and effect upon title of an executor's assent to legacies. In Walker v. Walker, 26 Ala. 262—a case involving the liability of an executor on account of a specific legacy—it was said, in agreement with the authorities generally, that assent may be inferred from circumstances. And in George v. Goldsby, 23 Ala. 326, it was held—in agreement also with authorities generally—that there should be no ambiguity in the act or expression by which the executor's assent is manifested. The foundation on which this doctrine of assent in its relation to the passing of title rests is that the priority of debts over legacies, devises, and distributive shares may be preserved and so that the interests of creditors and executors may be guarded. Thrasher v. Ingram, 32 Ala. 667; Walker v. Walker, supra. This doctrine, in jurisdictions in which it applies to devises, must follow from some principle of decision or statute which vests the entire estate of a decedent in his administrator or executor. Thus in Georgia the statute law is that "the assent of an executor may be presumed from his conduct, as well as his expressed consent"; that "the right to the possession of the whole estate is in him [the administrator]"; that "no devise or legacy passes the title until the assent of the executor is given." Georgia Code of 1914, §§ 3896, 3933, 3895. But it is the settled law of this jurisdiction that realty passes to the heir or devisee unless and until diverted by the interposition of the executor or administrator for the payment of debts or by the execution of a power vested in the executor by a will such as we have here. Hairston v. Dobbs, supra; 5 Mich. Dig. p. 44, § 30, and cases there cited. The executor's verbal assent and approval of the parol partition was certainly not an execution of the power vested in him by the will. Title, in the absence of a deed, could pass to plaintiffs, not from the executor, but from testator subject to the executor's power of disposition. The executor gave his verbal assent and approval to a parol partition—a partition by deed among the devisees would have been of no more consequence—but subsequently he undertook by a conveyance, executed in solemn form, to exercise the power vested in him by the will. That power, as we have seen, was of the broadest scope; it did not depend upon an actual necessity or propriety, but upon the executor's judgment; and, no fraud being alleged, his conveyance was conclusive as to the propriety of its exercise, provided of course the power remained unimpaired. Roseboom v. Mosher, 2 Denio, 61. Our best judgment is that the doctrine of assent has no office to perform in this case; that the children of testator, as for the question here involved, had no better title after the partition than before; that, for aught appearing, the executor's conveyance to defendant's predecessors in claim and title and the delivery of possession to them must be accepted as a proper and efficient exercise of the power vested in him by the will, vesting the legal title in them. As this court decided in Hairston v. Dobbs, supra, quoting the headnote which correctly states the case: "If an executor, having power under the will to sell, sells and conveys in payment of his individual debt, * * * this does not affect the legal title of the purchaser," even though the executor fails to account for the money; "and if the devisees have any remedy, it is to recover the purchase money as unpaid." To the same effect in respect of the legal title is Robinson v. Pierce, supra.

The court is therefore of opinion that the proof made by plaintiffs (appellees) of the executor's assent was of no consequence; that defendant was entitled to the general charge, duly requested; and that for its refusal the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.