(115 So. 153)

## ATKINS et al. v. STACY–NOLAN HOME BLDG. CO. (6 Div. 25.)

Supreme Court of Alabama. Jan. 12, 1928.

**1. Trusts ⟺135—Deed giving trustee general power to handle and dispose of estate created active trust and gave trustee fee title.**

Trust deed giving trustee power to sell or mortgage property or trade it for choses in action, "or in any way handle said property in a business like manner that will be of advantage" to beneficiaries, and providing trustee should be sole judge as to when, how, and in what manner he would exercise his powers, created active trust and vested trustee with title in fee to premises.

**2. Trusts ⟺357(2)—Grantee taking trust property with knowledge of contravention of trust is chargeable as trustee in invitum, where prior grantees had notice.**

If trustee makes conveyance of property in contravention of trust and his grantee and all subsequent grantees, including last grantee, know terms of trust have been violated, last grantee is chargeable in equity, at instance of cestuis, as trustee in invitum.

**3. Pleading ⟺34(3)—In absence of averment in cestuis' complaint charging defendant's grantors with notice of breach of trust, it is assumed on demurrer grantors purchased trust property without notice.**

In suit against remote grantee of trustee to enforce constructive trust in lands, it will be assumed on demurrer to complaint that intermediate grantees under whom defendant held were purchasers for value without notice, in absence of averments in complaint charging them with notice.

**4. Trusts ⟺357(2)—Remote grantee of trustee receiving property from purchasers for value without notice held not liable as trustee in invitum.**

In suit by beneficiaries of trust against remote grantee of trustee to enforce constructive trust on ground that trustee violated trust agreement by conveying property in return for worthless stock, no liability attached to defendant as trustee in invitum where, as appeared from pleadings, it derived title from persons who had purchased property for value and without notice of terms of trust, though defendant allegedly knew of breach of trust.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Annie Gertrude Snow Atkins and others (children of W. A. Snow and wife) against the Stacy-Nolan Home Building Company to enforce a trust upon lands. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

T. J. Lamar and W. A. Weaver, both of Birmingham, for appellants.

The interest of complainants did not pass by the conveyance by the trustee. Evans v. Wilhite, 167 Ala. 587, 52 So. 845. The trust was one for accumulation merely. Campbell v. Weakley, 121 Ala. 64, 25 So. 694. The trust deed was on record, and every person claiming under a conveyance of the land had notice. Code 1907, § 3414. Powers are liberally construed to effect the intent of the grantor, but limitations thereon are strictly construed. Perry on Trusts (4th Ed.) § 783; 31 Cyc. 1132; Jones v. Morris, 61 Ala. 518; Rutledge v. Crampton, 150 Ala. 275, 43 So. 822; Tillman v. Thomas, 87 Ala. 321, 6 So. 151, 13 Am. St. Rep. 42. Complainants' right to relief is clear. Perry on Trusts, §§ 828-835; Randolph v. East Birmingham Land Co., 104 Ala. 355, 16 So. 126, 53 Am. St. Rep. 64; Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160.

Thos. J. Judge, of Birmingham, for appellee.

The purchaser is not responsible for the application of the money according to the trust. If any one in the chain of title was an innocent purchaser, although subsequent vendees had notice they would still be protected as innocent purchasers. Randolph v. East Birmingham Land Co., 104 Ala. 355, 16 So. 126, 53 Am. St. Rep. 64; Goulding v. Blanchard, 178 Ala. 298, 59 So. 485; McCall v. Rogers, 77 Ala. 349; 19 R. C. L. 623; 12 R. C. L. 608; Durr v. Wilson, 116 Ala. 125, 22 So. 536.

BROWN, J. The trust deed of April 30, 1912, executed by W. A. Snow and wife to W. H. Snow, as trustee, for the use of Snow's wife and children, named in the deed as the beneficiaries of the trust, imposed on the

trustee active duties in respect to the management and care of the property, the collection of the rents, incomes, and profits arising therefrom, the making of improvements, and the discharge of liens arising from legal assessments for improvements.

The deed also provides that:

"The said trustee shall have the power to sell or mortgage said property, or trade all or any part of said property for other real estate or personal property or *choses in action*, or *in any way handle said property in a business like manner that will be of advantage to and accrue to the benefit of those for whom the said trustee is holding this property*," etc.

The deed also provides:

"That the said trustee shall be the sole judge as to *when, how*, and *in what manner* he will exercise the powers and duties given to him under the deed of trust."

[1] The trust created by the deed was not a mere naked or dry trust, but an active trust in which the trustee was invested with power to dispose of the entire title of the trust estate, at his discretion, and under the deed he took the title in fee. Robinson et al. v. Pierce et al., 118 Ala. 273, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Owens v. Gachet et al., 207 Ala. 565, 93 So. 509; You v. Flinn, 34 Ala. 409; McBrayer v. Cariker, 64 Ala. 50.

[2] This title in fee passed to the American Finance & Bond Company through the warranty deed executed by W. H. Snow, as trustee, and others, on June 21, 1913. and to the subsequent grantees into the respondent. If the first of these conveyances—that of June 21, 1913—was made by the trustee in contravention of the trust, and all of the subsequent grantees, including the respondent, took title with notice or knowledge of the fact that the conveyance by the trustee was not in conformity with, but in contravention of, the trust, then the respondent is chargeable in equity, at the instance of the cestui que trust, as a trustee in invitum. Robinson et al. v. Pierce et al., supra; Kent v. Dean, 128 Ala. 600, 30 So. 543; Smith v. Smith et al., 153 Ala. 504, 45 So. 168; Randolph v. East Birmingham Land Co., 104 Ala. 355, 16 So. 126, 53 Am. St. Rep. 64.

The deed from the trustee to the American Finance & Bond Company, on its face, recites a consideration of $8,000, cash in hand paid, and carries no evidence that it was made in contravention of the trust, but appears to have been made in conformity with the powers granted in the trust deed. The bill shows that the respondent claims through W. A. Haley and wife, and while it charges the respondent with "actual or constructive knowledge of all the facts hereinabove stated, and that it acquired said real estate subject to the interests" of complainants, it does not bring to Haley and wife any knowledge of the violation of the trust.

[3, 4] If Haley and wife were purchasers for value and without notice, and on demurrer this will be assumed, in the absence of averments charging them with notice, the title conveyed by them to the respondent passed discharged from the claim of complainants arising from a breach of the trust by the trustee in conveying the property to the American Finance & Bond Company, for worthless stock in that corporation. Abney v. Kingsland, 10 Ala. 355, 44 Am. Dec. 491; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51; McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54; 12 R. C. L. 607, § 118; Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799. The demurrers to the bill as amended specifically pointed out this defect, and the decree of the circuit court sustaining the demurrer was free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.