[Fair v. Cummings.]

# Fair *v.* Cummings.

### Bill to Cancel Mortgage.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 389.)

1. **Appeal and Error; Right of; Waiver.**—Where the action was for a cancellation of a mortgage, and a temporary injunction was granted on defendant's cross bill, restraining complainant from interfering with defendant's possession under the foreclosure sale, the merits of the case are not involved in an order refusing to dissolve the temporary injunction, and the right to appeal therefrom is not lost by proceeding to an examination of the witnesses on the merits.

2. **Mortgages; Foreclosure; Jurisdiction.**—In an action to cancel a mortgage and enjoin its foreclosure, the jurisdiction of the court of equity is not lost by a subsequent foreclosure of the mortgage by a sale thereunder.

3. **Same.**—While the commencement of a suit to cancel a mortgage and enjoin its foreclosure does not suspend absolutely the foreclosure, yet such foreclosure is subject to the equity of the bill, and may be set aside if complainant is awarded relief.

4. **Injunction; Transfer of Possession of Property.**—Under the rule that injunction will not issue to transfer the possession of property, the mortgagee, who was also the purchaser at the mortgage foreclosure sale, cannot procure the possession of property pending the action to cancel the mortgage and set aside the mortgage sale, by an injunction restraining the mortgagor from interfering with the renting of the property by the mortgagee, even though the mortgagee be threatened with loss of rent.

APPEAL from Morgan Law and Equity Court.
Heard before Hon. THOMAS W. WERT.
Bill by Etta B. Fair against W. S. Cummings for the cancellation of a mortgage   From a decree overruling a motion for dissolution of an injunction granted to the defendant, plaintiff appeals.   Motion to dismiss appeal overruled, and decree reversed and rendered.

Appellants filed a bill in this cause against the appellee seeking the cancellation of a certain mortgage executed to the respondent, on certain real estate situated in Decatur, Ala., with a prayer also for general relief.   The bill sets up, among other things that the mortgage was without consideration and that its execution was procured through threats and duress by the mortgagee.   The bill also shows that the mortgagee proposes to foreclose said mortgage and that notice to that effect has been posted.

A temporary writ of injunction was prayed, to prevent the sale of said property, but none was ever issued. The bill was filed August 14, 1914. An amendment to the bill was filed on September 2, 1914, setting up the foreclosure of said mortgage over the protest of complainants, and the purchase of the property by the mortgagee. The amendment to the bill prayed also for cancellation of the foreclosure deed, if one was executed.

The answer to the bill denied the material averments upon which complainants sought the cancellation of the mortgage, set up that $3,5C0 was due thereon, and denied any duress. Respondent also asked that his answer be made a cross-bill, and it was prayed that the foreclosure of said mortgage, which was made after the bill was filed, be by the decree of the court ratified and confirmed. The original bill alleged that the complainants were the owners and were in possession of the said property. And this does not seem to have been specifically denied in the answer. On May 3, 1915, the respondent filed an amendment to the cross-bill, which he designates as "a petition for injunction." The said amendment or petition alleged the foreclosure of said mortgage and the purchase of the real estate by the respondent, and that he was therefore the owner of the same, and as such was entitled to collect the rents due on said property. It is further alleged that the complainants, or one of them, have interfered with the rental of said place by the agent of respondent, and that unless the complainants to the original bill are enjoined from interfering with the defendant in renting said property and collecting his rent he will lose the rents during the pendency of this suit, as the complainants are insolvent. A temporary injunction was asked, restraining the complainants from trespassing on the premises or in any manner interfering with the petitioner's tenants and with his collecting the rent from the occupants of said houses. The injunction was issued as prayed.

On June 5, 1915, motion was made by the complainants to dissolve said injunction. On July 31, 1915, a decree was entered overruling said motion, and on August 9th, thereafter complainants prosecuted their appeal to this court from said decree. The record shows that a few days prior to the filing of the appeal bond, to wit, August 4, 1915, the complainants filed an application with the register for the oral examination of said witnesses, and that on said date commission was issued for the taking of the testimony; that subsequent thereto, on August 14, 1915, com-

[Fair v. Cummings.]

plainants examined several witnesses in their behalf on the merits of the case; that by agreement witnesses were also examined on behalf of the respondent; and that no objection was made by the complainants to such proceedings after the .rendition of said decree upon which the appeal was sought.

G. O. CHENAULT, for appellant.  WERT & LYNNE, for appellee.

## ON THE MOTION.

GARDNER, J.—Motion is made by counsel for appellee to dismiss this appeal, upon the ground that, after the rendition of the decree overruling the motion to dismiss the temporary injunction, the complainants proceeded with the examination of witnesses upon the merits of the case. It is insisted that this was a waiver of the right to review by appeal the said decree.

(1) The original bill attacked the validity of the mortgage, for want of consideration, duress, etc. The injunction sought by the cross-complainant was merely an incident to the main cause, and the decree overruling the motion to dissolve the same in no manner affected the merits of the case. In short, the merits of the case were in no manner involved in the question of dissolution or retention of the temporary writ of injunction. We are unable, therefore, to see how the mere fact that the complainants proceeded to the examination of witnesses on the merits of the case could in any manner be construed as a waiver of the appeal on the decree overruling the motion to dissolve the injunction.

The motion to dismiss the appeal is therefore overruled.

## ON THE MERITS.

(2) The respondent prayed that his answer be taken as a cross-bill, and that the foreclosure had after the bill was filed by the decree of the court be ratified and confirmed. This was in recognition of the law that, as the court had acquired jurisdiction of the entire matter upon the filing of the original bill, the respondent therein could not oust said jurisdiction by a foreclosure of said mortgage thereafter, although no temporary injunction issued to prevent it.

(3) It is therefore held by this court that, while a foreclosure thus had is not absolutely suspended by the mere filing of the bill, yet its exercise is subject to the equity of the bill as decreed by ·

the court, and subject to be set aside by the court if complainant is awarded .relief. Such was the holding in the recent case of *Carroll v. Henderson,* 191 Ala. 248, 68 South. 1. See, also, *Johnson v. Smith,* 190 Ala. 521, 67 South. 401.

The original bill alleged that the complainants were in possession of the property, and we find no denial of this averment in respondent's answer.

(4) The petition for the injunction shows that the petitioner is resting upon his rights as purchaser at the foreclosure sale had. as before shown, during the pendency of the suit, and that he is attempting to rent the property, collect the rents thereon, and acquire the possession of the same as purchaser, and that this he sought to do by procuring an injunction against any interference on the part of the complainants. It therefore seems, from the pleadings, that the respondent sought by his petition for injunction to acquire in fact the possession of the property from the complainants. In *Yellow Pine Lbr. Co. v. Sutherland-Innis,* 141 Ala. 664, 37 South. 922, this court used the following language: "It is a rule of almost universal application that an injunction will not issue to take the property out of the possession of one party and put it in possession of another."

There may be exceptions to this rule, but with them we are not here concerned. Many cases are cited in the note to the case of *Atkinson v. Crowe Coal Co.,* 39 L. R. A. (N. S.) 31 et seq. As pertinent to the question here under consideration the author of the note makes the following observation: "In general, the function of a preliminary injunction is to afford preventive relief and preserve the status quo until the rights of the contending parties may be judicially investigated and determined. Ordinarily, it cannot be used to take the possession of the property from one party to a suit and transfer it to another, where the title or right of possession is in dispute."

It appears to our minds quite clear that the purpose of the petitioner in seeking the injunction was to take the possession of the property from complainants and transfer it to himself. We do not think this was a proper function of the temporary injunction in this cause, and consequently hold that the court below should have granted the motion of the complainants and dissolved the injunction. There was no averment in the petition that the respondent was in danger of losing his mortgage debt, but merely that he would lose the rents during the pendency of the suit. If

there was danger of the loss of any part of the mortgage indebtedness, it would appear that, as a more appropriate remedy, the cross-complainant could have applied for and secured the appointment of a receiver to take charge of the property. In this manner the court would have preserved the same, as well as the rents, to await the final determination of the cause.

We therefore conclude that the court erred in overruling the motion to dissolve the injunction. The decree of the lower court is accordingly reversed, and one is here rendered dissolving the temporary injunction heretofore issued in the cause. Any question as to the restitution of the possession to the complainants will be appropriately addressed to the court below.

Reversed and rendered.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.

MCCLELLAN, J.—I desire to make a brief supplementary statement in connection with my concurrence. In my opinion neither *Carroll v. Henderson*, 191 Ala. 248, 253-258, 68 South. 1, nor *Presnall v. Burgess*, 181 Ala. 263, 61 South. 804, have any bearing upon this cause. Here the allegation of the bill is that the mortgage involved was executed in consequence of duress, thus charging that the instrument was utterly void. Under this state of averment the effort to foreclose, after the bill was filed, was subject to the ordinary rule of lis pendens. The cause brought under consideration in *Johnson v. Smith*, 190 Ala. 521, 67 South. 401, had in it two very material factors that distinguish that cause from both *Carroll v. Henderson* and *Presnall v. Burgess, supra*, viz: (a) The averment that the respondent (the mortgagee's assignee) hindered or prevented a tender, looking to redemption, by the complainant, by refusing to give her, upon request, a statement of the amount due on the mortgage and the credits resulting from payments made on the mortgage debt; and (b) the allegation that the assignee (respondent) had theretofore taken possession of personal property of the mortgagor "sufficient in value to pay off said mortgage," thus averring the complete discharge of the mortgage debt.