178 So. 12

## CAMMACK v. FIRST JOINT STOCK LAND BANK OF MONTGOMERY.

I Div. 982.

Supreme Court of Alabama.

Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

C. L. Hybart, of Monroeville, for appellant.

Barnett, Bugg & Lee, of Monroeville, and J. M. Williams, Jr., of Montgomery, for appellee.

BROWN, Justice.

The appellant, as mortgagor, pending foreclosure under the power of sale embodied in the mortgage, filed the original bill for an accounting and redemption under the equity of redemption.

Pending the bill and before making answer thereto, the defendant proceeded with the foreclosure, bid in the property at the foreclosure sale, and executed to itself a foreclosure deed to the property covered by the mortgage.

In response to the averments of the original bill, that the complainant is the owner of said property and in possession of the same, the respondent denies such ownership and possession and asserts that it is the owner of said property, acquiring the title thereto under said foreclosure, and alleges that it has demanded of the complainant, that she deliver it the possession of said property, and that she has refused to do so.

The respondent, though it concedes complainant's right to an accounting and redemption, makes the answer a cross-bill and prays that the court, in the event redemption is not perfected, ratify and con-

firm the foreclosure under the power and put the defendant in possession through the court's processes.

The complainant demurred to the cross-bill on the ground that it was without equity; that under the allegations of the cross-bill, the defendant is not entitled to the relief prayed, and on other grounds. The court overruled the demurrer and the complainant brought this appeal.

■ It is well settled that while the filing of a bill, by the mortgagor in the exercise of the equity of redemption, pending proceeding to foreclose under the power of sale, does not suspend the right to foreclose, yet, it is a restriction of the right in the sense that the courts will upon redemption, if the mortgagee persists in foreclosing, set aside and vacate the foreclosure. Taylor v. Hoffman et al., 229 Ala. 420, 157 So. 851.

In Burns v. Mortgage Bond Co. of N. Y. et al., 199 Ala. 77, 78, 73 So. 987, 988, it was said:

"That the filing of a bill to redeem property and its proper prosecution will prevent a foreclosure under the powers of the mortgage pending the suit to redeem, for the reason that the court, in the suit to redeem, can proceed to foreclose if the complainant do not redeem; and if he does redeem there is no necessity to foreclose, and the court could well apportion all the costs and charges in the suit to redeem, as the merits might disclose."

■ If the mortgagee, notwithstanding jurisdiction has attached, persists in proceeding with the foreclosure embarrassing the rights of the mortgagor, such foreclosure cannot be made the basis of affirmative relief in the redemption suit. Fair v. Cummings, 197 Ala. 131, 72 So. 389; Carroll v. Henderson, 191 Ala. 248, 68 So. 1; Johnson v. Smith, 190 Ala. 521, 67 So. 401; McDermott et al. v. Halliburton et al., 219 Ala. 659, 123 So. 207; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Boyd et al. v. Dent, 216 Ala. 171, 113 So. 11.

■ The demurrer to the cross-bill was well taken and the circuit court erred in overruling it.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.