2 So.2d 110

### ELSON v. PRIDGEN.

#### 4 Div. 169.

Supreme Court of Alabama.

April 10, 1941.

Rehearing Denied May 22, 1941.

234

L. A. Farmer, of Dothan, for appellant.

N. Frank Pridgen and Martin & Jackson, all of Dothan, for appellee.

FOSTER, Justice.

This case was here on former appeal. 239 Ala. 678, 195 So. 889.

After an affirmance on that appeal, there was another decree in the circuit court, in equity, dated July 5, 1940, from which the present appeal was attempted. In that decree, the court recited the fact that a decree was entered on July 11, 1939, sustaining the validity of the mortgage under attack, but holding that complainant had the right to enforce the equity of redemption, and ordered a reference for the purpose of ascertaining the balance due under the mortgage. That on September 29, 1939, a decree was made and entered confirming the register's report, fixing the amount of the mortgage debt and attorney's fee, and al-

lowed complainant ninety days in which to pay the amount necessary for a redemption. That on December 29, 1939, the register reported that payment had not been made as authorized. That thereupon an appeal was taken to this Court by complainant from those several decrees; that the decrees were affirmed in this Court May 9, 1940, and application for a rehearing denied June 27, 1940.

Said decree of July 5, 1940, from which this appeal is attempted, then declared that subsequent to the filing of the original bill, and on September 8, 1937, respondent foreclosed the mortgage involved. This we presume to have been done under the power of sale, though not so recited. That at the sale Sara Elza Pridgen, respondent, became the purchaser. It was thereupon ordered that complainant be allowed ten days in which to surrender possession to respondent, in default of which the register should issue a writ of possession. An appeal was attempted by complainant without giving bond under section 6138, Code, Code 1940, Tit. 7, § 799, by making the affidavit there required, dated July 15, 1940. Disregarding such attempted appeal, the register on July 22, 1940, issued a writ of possession as thus ordered. It was returned executed July 24, 1940. All the proceedings thus recited to have occurred prior to July 5, 1940 decree appear in the record on the former appeal.

Appellant on the present appeal argues the following points now made: (1) That she was entitled to a jury trial, and that the decrees were made without reference to such right, even though the issues were certified for such trial. (2) That in confirming the register's report, fixing the amount necessary to redeem, the court improperly allowed an attorney's fee of $1,250. (3) That the foreclosure was not conducted in accordance with the power of sale, aided by section 9011, Code, Code 1940, Tit. 47, § 165. (4) That since the foreclosure sale was void, the court erred in ordering possession delivered under it. (5) That the proceedings had after the appeal was taken by which complainant was dispossessed were void and should be vacated, since an appeal under section 6138, Code, operates as a supersedeas.

■ The first two contentions above noted relate to questions involved on the former appeal, as to which there has been no additional ruling subsequent to the affirmance, and cannot now be reopened for further consideration. McGeever v. Terre Haute Brewing Co., 201 Ala. 290, 78 So. 66; Sov. Camp, W. O. W. v. Moore, 235 Ala. 117, 177 So. 642; 5 Corpus Juris Secundum, Appeal and Error, § 1825.

■ Contentions numbered three and four are proper for attention on an appeal from the decree of July 5, 1940. But that decree does not subject her property to sale, and is not for the payment of money, and does not order her to perform any specific act, and therefore is not within section 6138, Code. Pritchett v. Wilson, 239 Ala. 146, 194 So. 176.

■ There was no motion here made to dismiss the appeal at the time of submission. We have held that a failure to move for a dismissal of the appeal, attempted to be taken in due time, because section 6138, Code, does not apply, is a waiver of defect, and that this Court will not dismiss the appeal of its own motion, and that a motion made after the submission comes too late. Walker v. Harris, 235 Ala. 384, 179 So. 213.

■ An examination of the record shows an auctioneer's certificate of the sale occurring on September 8, 1937, to appellee, the assignee of the mortgage, in front of the courthouse at Dothan after notice had been given by publication in the Dothan Journal, a newspaper published in Dothan, for four consecutive weeks immediately preceding the date of sale. There was also a deed in the name of the mortgagor executed by the auctioneer. This deed also makes full recitals as to the notice and place of sale and of the sale. The purchaser was appellee who then was owner of the mortgage. Both instruments complied with the statute of frauds. Section 8035, Code, Code 1940, Tit. 20, § 4. The power of sale in the mortgage leaves it to the mortgagee to determine whether notice shall be given and the kind of notice and the place of sale. The recitals in the auctioneer's certificate and deed show that notice was given for thirty days, and that the sale was at the courthouse door of the county where the land is situated. The exercise of the discretion thus vested in the mortgagee, or his assignee (section 9010 [4896] Code, Code 1940, Tit. 47, § 164) was reasonable and prudent, and in fact was in compliance with the provisions of section 9011, Code, though that statute became effective with the Code which was not operative until after the mortgage was executed, and therefore does not control an exercise of the power under it, assuming that the terms of

the power would make it operative, if it were in effect. State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154.

The auctioneer's certificate, pursuant to the power of sale, is prima facie evidence of its recitals as to the notice, the time and place of sale, and regularity of it all. Ward v. Ward, 108 Ala. 278, 19 So. 354; Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Harton v. Little, 176 Ala. 267, 57 So. 851; Williams v. Oates, 212 Ala. 396, 102 So. 712; Ritter v. Moseley, 226 Ala. 648, 649, 148 So. 143.

Moreover, the auctioneer himself testified that the sale was made and conducted by him as recited in his certificate.

Since the purchaser was the owner and holder of the mortgage, the auctioneer's certificate is all that is necessary to a valid foreclosure. Bellenger v. Whitt, 208 Ala. 655, 95 So. 10. We think that the court was correct in holding that the mortgage was duly foreclosed.

We have responded to four of the contentions made by appellant, and the fifth is not applicable except upon a holding by us that the foreclosure sale was void for some reason assigned by appellant. Since we do not so find, there is no necessity to consider that contention. We forego discussion of matters not argued by counsel.

Affirmed.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.