5 So.2d 477

## PRIDGEN v. ELSON.

### 4 Div. 231.

Supreme Court of Alabama.

Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

L. A. Farmer, of Dothan, for appellee.

N. Frank Pridgen and Martin & Jackson, all of Dothan, for appellant.

BOULDIN, Justice.

Appellant sued appellee on statutory action of ejectment to recover certain residence property in the city of Dothan. The cause was tried on an agreed statement of facts. We summarize the material facts:

The plaintiff claimed as assignee of a mortgage on the lands. Defendant claimed under the mortgagor. For convenience we speak of them as the mortgagee and mortgagor.

The mortgage debt being in default, the mortgagee, on August 4, 1937, made demand for possession of the property, and for payment of rent from that date. Possession not being surrendered, the mortgagee proceeded to foreclose under power of sale, and became the purchaser at such sale; her bid was the amount of the mortgage debt.

Possession still being refused, this action was brought in November, 1938.

All these proceedings were had pending a bill in equity brought by the mortgagor against the mortgagee, filed August 3, 1937.

The original bill was a statutory bill to quiet title. Respondent by answer set up her claim under the mortgage. Then followed amendments to the bill seeking cancellation of the mortgage for want of consideration, for mental incapacity of the mortgagor, and because of payment of the mortgage debt. Finally, the bill was amended setting up an equity of redemption in the alternative, offering to pay the mortgage debt, when ascertained and to do equity in the premises. The equity cause proceeded to decree sustaining the validity of the mortgage, decreeing a right of redemption, and ascertaining the amount necessary to redeem. This decree was sustained on appeal to this court. Elson v. Pridgen, 239 Ala. 678, 195 So. 889.

In the decree thus affirmed, the court fixed ninety days as the time within which payment should be made to effect a redemption. Payment was never made. A report of non-compliance had been made before the appeal was taken.

After affirmance in this court the cause came on for further hearing on July 5, 1940, when the court below rendered a further decree confirming the foreclosure under power of sale pendente lite, granting the mortgagor ten days to surrender possession, and directing a writ of possession, if necessary. This decree was affirmed on appeal. Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110.

Pending that appeal, a writ of possession was issued, and executed July 24, 1940.

This suit in ejectment awaited the outcome of the equity case.

After affirmance of the decree on second appeal in the equity cause, the plaintiff in ejectment, having acquired possession of the property in that proceeding, filed amended Count A, claiming $1,225 for use and occupation of property from August 4, 1937, to July 4, 1940.

Defendant interposed a special plea No. 2 to this court, setting up all the facts above recited, and concluding: "That the amount claimed in said Count A of said complaint is for the use and occupation of said property while said case was pending in said Equity Court and in said Supreme Court; and therefore plaintiff is not entitled to recover in this case."

The trial court, upon the agreed statement of facts, held plaintiff not entitled to recover under Count A, and rendered judgment for defendant.

The question now for decision is: Was plaintiff entitled to recover for use and occupation of the premises under Count A?

Disregarding, for the moment, the effect of the pendency of the equity suit, the mortgagee was entitled to possession of the premises on written demand after the law day, and default in payment of the mortgage debt. The possession of the mortgagor thereafter was tortious, rendering her liable for mesne profits, the reasonable value of the rents. Federal Land Bank of New Orleans v. Farris, 226 Ala. 574, 148 So. 123; Smith v. Stringer, 220 Ala. 353, 125 So. 226.

However, rental income received by a mortgagee before foreclosure goes in reduction of the mortgage indebtedness as of the date of foreclosure. A mortgagee in possession before foreclosure is accountable for rents as a credit on the mortgage debt at the date of foreclosure. Smith v. Stringer, supra.

So when the mortgagee at valid foreclosure sale purchased the property for the full amount of the mortgage debt, without deduction on account of rents received or accrued, no further demand existed for use and occupation prior to the date of foreclosure.

But when a valid foreclosure was made, and demand made for possession, a further refusal of possession entitled the mortgagee-purchaser to recover the reasonable rental value during the detention without any accounting therefor.

The statutory action in the nature of an action of ejectment is dual in character, looks to a recovery of the lands and mesne profits, meaning the fair rental value during the tortious holding of possession. Wiggins et al. v. Stewart Bros., 215 Ala. 9, 109 So. 101.

To recover the land, the plaintiff must prove title and right of possession to the time of the trial. If, pending the suit, the plaintiff's title expires, he may proceed to recover the mesne profits up to the time his right to possession ended. Hairston v. Dobbs, 80 Ala. 589, 2 So. 147; Mason v. Storrs, 34 Ala. 179; Doe ex dem. Kennedy v. Holman & Howard, 19 Ala. 734.

This rule is now carried into the statutes. Code of 1940, Tit. 7, § 954.

Upon like principles, if, pending the suit, plaintiff acquires the possession, the

cause may proceed for recovery of mesne profits during the tortious holding by defendant.

The theory of the defense is that the pendency of the suit in equity during the period for which recovery is sought is a good defense to the claim for mesne profits.

As fully appears from the agreed facts, and decisions on former appeals above cited, the complainant failed as to all relief sought in the bill in equity, save the right to enforce her equity of redemption.

■ We have declared quite liberal rules in favor of the mortgagor in this regard. He is not required to make a tender of the amount due on the mortgage debt, nor disclose why a tender cannot be made. Submission to the jurisdiction of the court, and an offer to pay the mortgage debt when ascertained, will suffice. But the offer to pay is of the essence of such bill. In this case the offer was never made good, and thereupon his equity of redemption was cut off. The court, thereupon, decreed the foreclosure was valid, and caused the mortgagee-purchaser to be put in possession. This decree was affirmed in this court.

The ultimate effect of the litigation in equity was to declare the foreclosure valid, which carried a right to the possession on demand.

The recovery of mesne profits, a legal demand, was not within the issues presented or necessarily involved in the equity suit.

If the mortgagor had redeemed as per the decree, the accrued interest on the mortgage debt, paid on redemption would represent any damages recoverable by the mortgagee.

■ Failing to redeem pursuant to his offer in the bill, he cannot now claim immunity from liability for mesne profits, thus depriving the mortgagee of the use of his property after foreclosure. Such rule would invite bills to redeem for the mere purpose of prolonging the mortgagor's use and enjoyment of the property.

The final decree in the equity cause was conclusive of a valid foreclosure, with the incidents which follow.

The case of Macke v. Scaccia, 222 Ala. 359, 132 So. 880, is not in conflict with our present holding. That case dealt solely with the right to disturb the status quo pending the bill to enforce the equity of redemption. It deals with bills wherein the right of redemption is decreed, and redemption effected by payment of the mortgage debt.

Here payment was not made; the equity of redemption never effected, and the court decreed the foreclosure under the power of sale valid, which was affirmed by this court. The necessary result was to declare the holding of possession by the mortgagor after foreclosure tortious. In failing to make payment, as decreed, the mortgagor disowned the very ground upon which his possession was held in status quo pending the equity suit.

We do not construe the agreed facts as a joinder in issue upon a plea admitted to be true, but as a submission on the facts to determine whether plea 2 did set up a good defense to count A.

The trial court erred in rendering judgment for defendant. The foreclosure was had September 8, 1937. Count A claims for use and occupation to July 4, 1940.

The number of whole months intervening was thirty-three. The agreed rental value is $35 per month. The judgment of the court below is reversed and one here rendered for plaintiff for the sum of $1,155, with interest thereon from July 4, 1940. The costs of the ejectment suit in the court below and the costs of appeal in this court and the court below are taxed against appellee.

Reversed and rendered.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.