10 So.2d 857

# PHILLIPS v. HARVEY.

## 6 Div. 99.

Supreme Court of Alabama.

Dec. 17, 1942.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellee.

GARDNER, Chief Justice.

By the original bill in this cause, G. D. Phillips (appellant here) seeks to exercise his equity of redemption in and to certain lands situated in Blount County and embraced in a mortgage duly executed to the defendant, J. B. Harvey. to secure an indebtedness of $2,500. Complainant insists in his bill that he has offered to pay the defendant mortgagee $2,034.75 which is the amount agreed upon to be accepted in full satisfaction of the debt, which agreement was supported by a valuable consideration, and that the defendant refused to accept the offer and was in the process of foreclosing the mortgage.

The details of this agreement appear on former appeal in this cause, Phillips v. Harvey, 239 Ala. 605, 196 So. 498, and need not be here repeated. Suffice it to say this court held the agreement was supported by valuable consideration and was binding between the parties.

Defendant in his answer denies any such agreement, and a sharp issue of fact is thus presented. It appears, however, that notwithstanding the pendency of the suit for redemption, defendant mortgagee proceeded with his foreclosure sale under the power in the mortgage and became the purchaser thereat. Defendant makes his answer a cross bill seeking the collection of an attorney's fee incurred in the foreclosure proceedings, a denial of the right of statutory redemption of said property because of the failure of the complainant mortgagor to surrender possession upon his demand following the foreclosure which was had during the pendency of this suit. Defendant also in his cross bill seeks a deficiency judgment. Complainant's demurrer to the cross bill was overruled and from such decree this appeal is prosecuted.

The decisions of this court disclose the establishment of very liberal rules in favor of the mortgagor in the exercise of his equity of redemption, Pridgen v. Elson, 242 Ala. 230, 5 So.2d 477, as well as the broad powers of a court of equity under an original bill of this character, the complainant being under the necessity of submitting himself to the full jurisdiction of

the court. Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110. And it has long been established that the jurisdiction of the court having once attached is not lost by a subsequent foreclosure of the mortgage by a sale thereunder. The court's jurisdiction is not thereafter ousted by a foreclosure proceeding, although no temporary injunction was issued to prevent it. While the foreclosure thus had is not absolutely suspended by the mere filing of the bill, yet its exercise is subject to the equity of the bill and to be set aside by the court if complainant is awarded relief. Fair v. Cummings, 197 Ala. 131, 72 So. 389; Carroll v. Henderson, 191 Ala. 248, 68 So. 1. And further liberalizing the rule favorably to the mortgagor this court has held that notwithstanding his failure to establish his contention as to the amount due under the mortgage, nevertheless his bill for the exercise of the equity of redemption should not be dismissed without giving him an opportunity to pay the amount due as ascertained by the court, and the cost taxed accordingly. Adams v. Whitehead, 234 Ala. 389, 175 So. 356; Ezzell v. First Nat. Bank of Russellville, 218 Ala. 462, 119 So. 2; Boyd v. Dent, 216 Ala. 171, 113 So. 11. And the cases of Johnson v. Smith, 190 Ala. 521, 67 So. 401, and Cammack v. First Joint Stock Land Bank of Montgomery, 235 Ala. 262, 178 So. 12, are illustrative of the power of the court of equity to grant the defendant in this suit all the relief to which he is entitled under the jurisdiction which it acquired by the filing of the original bill.

Upon the question of attorney's fees the mortgagee would be entitled thereto as a part of his debt if such fee had accrued when the bill was filed (Adams v. Whitehead, supra) but not beyond the filing of the bill for a fee for foreclosure had pending the suit. Under the original bill the court has the power, upon complainant's failure to pay the amount found due upon final consideration of the cause within the time fixed by the decree to have the defendant placed in possession of the property upon confirming the sale under the power of the mortgage. Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110. If during the pendency of the suit the mortgagee defendant considers the land security as insufficient and the full satisfaction of his debt imperiled, an appropriate remedy would be an application for the appointment of a receiver during the pendency of the litigation. Fair v. Cummings, supra.

The matter of a deficiency decree would be controlled by Equity Rule 119½, 240 Ala. XVI, but this rule only has application where the court renders a decree of foreclosure and not to the foreclosure under the power of sale in a mortgage. The averments of the cross bill therefore seeking such a deficiency decree are without merit.

Perhaps by mere petition upon a failure of the mortgagor to comply with the final decree of the court the mortgagee might invoke the aid of the court either for a foreclosure of the mortgage wherein the rule as to a deficiency decree may be given application, or seek to have the foreclosure under the power of sale approved by the court. Pridgen v. Elson, 242 Ala. 230, 5 So.2d 477; Elson v. Pridgen, 241 Ala. 233, 2 So.2d 110. The mortgagee, however, is not entitled to have the mortgagor's statutory right of redemption denied him for his failure to deliver possession upon a demand made following a foreclosure under the power had during the pendency of the suit.

It therefore appears that the defendant in this action can obtain all the relief to which he is entitled without the aid of a cross bill, and our decisions are to the effect that if the mortgagee, notwithstanding jurisdiction has attached, persists in proceeding with the foreclosure and thus embarrassing the rights of the mortgagor such foreclosure can not be made the basis of affirmative relief in the redemption suit. The cases of Johnson v. Smith and Cammack v. First Joint Stock Land Bank, supra, are here directly in point.

As previously observed the bill and answer present a simple issue of fact and the court of equity has full jurisdiction to order appropriate relief as may be determined upon the final adjudication of the cause. We conclude, therefore, that the demurrer to the cross bill was due to be sustained. The decree will therefore be reversed and one here rendered sustaining the demurrer to the cross bill as last amended and the cause remanded for further proceedings in the court below in accordance with the views herein expressed.

Reversed, rendered and remanded.

BOULDIN, FOSTER, and LAWSON, JJ., concur.