13 So.2d 51

### GUNTER v. JONES.

#### I Div. 175.

Supreme Court of Alabama.

April 15, 1943.

252

Granade & Granade, of Chatom, for appellant.

Howard Scott, of Chatom, for appellees.

LIVINGSTON, Justice.

The bill of complaint seeks to redeem from the respondent, purchaser at mortgage foreclosure sale, an undivided one-half interest in and to the lands described therein, and to have the court decree that respondent holds title to the other undivided one-half interest in and to said lands as trustee for complainant and others, and to fix the amount due respondent for acquiring said other undivided one-half interest for complainant and others, and to pay the amount found due, and to divest all right, title and interest in said lands out of respondent and into complainant, and general relief.

The bill is filed in the name of Robert L. Jones, individually, and who sues for the use and benefit of Mary Frances Jones, Ernest V. Jones and Eugene L. Jones, individually, and as administrator of the estate of A. V. Jones, deceased, and for the use and benefit of the creditors of the estate of A. V. Jones, deceased. The appeal is from a

decree overruling demurrers to the bill of complaint.

Briefly, the case made by the bill is this: By deed, dated November 3, 1930, A. V. Jones and his then wife, Jency Columbia Jones, each acquired an undivided one-half interest in and to the north one-half of lots 9 and 10 in Block 10, in the Granade Addition to the town of Chatom, Washington County, Alabama. On April 22, 1937, Jency Columbia Jones died intestate, leaving as her next of kin and heirs at law her husband, A. V. Jones, and her mother, Margaret Ramey. On February 22, 1939, A. V. Jones was indebted to respondent, L. Q. Gunter, in the approximate amount of $800 due on open account. At the request and insistence of Gunter, A. V. Jones borrowed $1,000 from the Citronelle State Bank to pay said indebtedness. To secure the repayment of the indebtedness to the bank, A. V. Jones executed and delivered to the bank his note, indorsed by Gunter, and secured by a mortgage conveying the above-described lands.

A. V. Jones died testate on or about July 12, 1939. By his will, A. V. Jones, after providing for certain small bequests, left all the rest and residue of his property to Mary Frances Jones, his former wife and mother of Robert L. Jones, Ernest V. Jones and Eugene L. Jones. Eugene L. Jones was named executor of the estate of A. V. Jones by the will.

After the death of A. V. Jones, Gunter and the Jones children discovered that A. V. Jones owned only an undivided one-half interest in the above-described land, and that title to the other one-half interest was then in Margaret Ramey. On account of the existence of ill feeling between Mrs. Ramey and the Jones children, it was agreed between Gunter and the heirs and devisees of A. V. Jones that Gunter would purchase the interest of Mrs. Ramey, and hold the same as trustee for the heirs and devisees of A. V. Jones. The Ramey undivided one-half interest was purchased by Gunter for the sum of $250, and the title thereto taken in his name on August 20, 1940.

On January 20, 1941, the Citronelle State Bank, at the request of L. Q. Gunter, foreclosed the A. V. Jones mortgage, and L. Q. Gunter became the purchaser of the undivided one-half interest of A. V. Jones at and for the sum of $1,265.42, which amount represented the indebtedness due the bank, with interest, fees, cost of foreclosure, etc., and the amount paid to Mrs. Ramey, with interest, for her interest in the land. Robert L. Jones purchased the interest of Mary Frances Jones, which she acquired under the provisions of the will of A. V. Jones, deceased.

After the acquisition of title to the lands by Gunter, he refused to convey to the heirs and devisees of A. V. Jones the Ramey interest, or to permit redemption of the A. V. Jones interest, except upon the condition that the said heirs and devisees convey to him (Gunter) a part of said land for a consideration $25. Hence this suit to compel the performance of the trust and redemption.

The over all purpose of the bill is to divest Gunter of title to the land involved, and invest the heirs and devisees of A. V. Jones, deceased, with the same, subject to the payment of the debts of A. V. Jones, deceased.

The bill avers complainant's willingness and ability to do equity and to pay whatever sum is ascertained by the court to be necessary to redeem. The refusal of the purchaser to accept a redemption, except upon the stated condition, relieved the redemptioner from any duty to demand a statement of the items composing the amount necessary to redeem, or to make any tender to the purchaser: The position thus taken by the purchaser operating as a waiver in the premises. Toney v. Chenault, 204 Ala. 329, 85 So. 742.

In the case of O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895, 896, the court said:

"Where one person makes a loan to another with which to purchase lands, and by mutual agreement a deed is made directly from the vendor to the lender as security for the loan, the transaction partakes of the nature both of a resulting trust and a mortgage. A resulting trust, because the money loaned becomes that of the borrower, and the title acquired with his money is taken in the name of another; a mortgage, because it is given as security for the debt due from lender to borrower.

"For convenience this court has come to call it a trust in the nature of an equitable mortgage. For purposes of equitable relief it is treated as a mortgage. It is not subject to the statute of frauds." See, also, Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110.

Under the facts in this case, Gunter holds the Ramey interest under a trust in the nature of an equitable mortgage. Taking the facts stated in the bill as true, which we must do on demurrer, the transaction between the parties relative to the Ramey interest amounts to nothing more or less than a loan by Gunter to the heirs and devisees of A. V. Jones for the purpose of buying that interest for the heirs and devisees, and the taking of title thereto in the name of Gunter.

The theory or doctrine of virtual representation is embodied in section 128, Title 7, Code of 1940. Under this section there was no misjoinder of parties complainant in this cause.

The status of the parties became fixed as of the day this suit was filed, and respondent could not, after suit filed, change that status by giving the statutory notice to surrender possession of the premises and plead complainant's refusal or failure to surrender possession as a defense to the right to redeem. Phillips v. Harvey, 243 Ala. 504, 10 So.2d 857.

The bill of complaint was not subject to the demurrers interposed, and the trial court committed no error in overruling same.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.