26 So.2d 911

### JONES et al. v. GUNTER.

#### I Div. 260.

Supreme Court of Alabama.
June 27, 1946.

Rehearing Denied Aug. 2, 1946.

240

. Scott & Turner, of Chatom, for appellants.

Granade & Granade, of Chatom, for appellee.

BROWN, Justice.

This appeal is from the final decree of the Circuit Court of Washington County, in Equity. On the first appeal from a decree on demurrer to the bill, the equity of the bill was upheld. Gunter v. Jones, 244 Ala. 251, 13 So.2d 51. An interlocutory order of the court setting aside and vacating the decree pro confesso on motion of the defendant was sustained. Ex parte Jones, 246 Ala. 433, 20 So.2d 859. That review settled the question of the soundness of that order and disposes of the first assignment of error on this appeal.

The bill seeks to enforce and protect the statutory right of redemption of complainant as the personal representative, widow and heir at law, of A. V. Jones, deceased. The mortgage was executed by A. V. Jones to the bank to secure a loan arranged by Gunter, the defendant, for Jones to enable Jones to pay a debt of $800 or thereabouts to the Woco-Pep Oil Company of which Gunter was the representative, and which amount had been charged back to Gunter under his contract with the oil company,—in effect to pay Gunter—

Jones then being in possession. The mortgage ex facie conveys a fee simple title to the property with covenants of warranty. The defendant not only arranged the loan with the bank but became an endorser on Jones' note to the bank as additional security. The bill seeks to redeem the entire title and as a basis for this redemption alleges:.

"On January 20, 1941, the Citronelle State Bank, at the request of the said L. Q. Gunter, caused the said mortgage hereinabove referred to, to be foreclosed and that at said foreclosure sale the respondent, L. Q. Gunter, who is also known as Lon Q. Gunter, became the purchaser thereat for the sum of, to-wit: $1265.42, according to the tenor of the foreclosure deed, a copy of which is attached as 'Exhibit G.' * * * Complainant further alleges that the said sum of $1265.42, included the full balance due on the said mortgage to the Citronelle State Bank; the amount of the purchase price of the Mrs. Margaret Ramey interest; interest on the indebtedness to the Citronelle State Bank; interest on the $250.00 paid for the Mrs. Margaret Ramey interest; attorney's fees in making the deed from Mrs. Margaret Ramey to Lon Q. Gunter; attorney's fee for foreclosing the mortgage; and insurance on the building located on said premises, and all indebtedness owned [owed] to L. Q. Gunter by A. V. Jones estate."

The bill prays: "That the court will ascertain the correct balance due respondent under the Citronelle State Bank mortgage foreclosure; the correct balance due respondent under the purchase of Mrs. Margaret Ramey's interest; that the court will ascertain the interest and other legal charges in connection with the aforesaid items and decree that said charges be made a first lien on the property hereinabove described, and that on the payment of the said amounts by the complainant within a reasonable time, that all title to the real estate described hereinabove shall be divested out of L. Q. Gunter, alias Lon Q. Gunter, and into Robert L. Jones, Mary Frances Jones, Ernest V. Jones and Eugene L. Jones, individually, and as administrator of the estate of A. V. Jones, deceased, as their respective interests may appear from the

pleadings and evidence in this cause. If the complainant is mistaken in the relief prayed for, he prays for such other, further and additional relief as he and those for whose use and benefit he sues for may be entitled to under the pleadings and evidence in this cause."

The circuit court in the final decree from which this appeal is taken, observes: "The law permits of no interpretation to the contrary, that a purchaser at a mortgage foreclosure sale cannot place any restrictions on the redemption of the property, and it can be redeemed just as sold. No proviso is permitted and no exception is permitted. It is equally clear that the actual tender of money is unnecessary if the purchaser at the foreclosure is determined that he will not accept it if tendered to him, or places any condition on the redemption. This mortgage of A. V. Jones was foreclosed January 20, 1941. Mr. Chauncey Moore, the attorney who foreclosed the mortgage, and who was practicing law here at the time, testified that no money was tendered the respondent, but the respondent wanted to reserve twenty-five feet off the lot for $50.00, objected to the Joneses mortgaging the property, and refused to receive the money except on condition that he get the 25 feet for $50.00. This occurred August 2, 1941."

Although the court in the quoted excerpt from the decree recognized that the process of redemption contemplated and required by the statute makes an indivisible entity of the act of redemption where the purchaser at foreclosure sale purchased the entire property, nevertheless followed the verdict of the jury, which was merely advisory and was in response to a limited and incomplete hypothesis of the facts, restricted complainant's right of redemption of only an undivided one-half interest. In this, the decree is laid in error.

■■ "It is well settled that while a complete redemption may be accomplished by negotiations between the parties (Long v. King, 233 Ala. 379, 171 So. 738), such redemption must be made from the party holding the title, and cannot be made by piece-meal. The process contemplated and required by the statute makes an indivisible

entity of the act of redemption where the purchaser at foreclosure sale purchases the entire property. Morrison v. Formby, 191 Ala. 104, 105, 67 So. 668; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; Duncan v. Hubbard, 234 Ala. 202, 174 So. 291." Federal Land Bank of New Orleans v. Vinson, 246 Ala. 95, 100, 18 So.2d 865, 869.

There was an effort to effect a redemption by negotiations but this failed, for the reason that Gunter only agreed to convey a limited title, excluding the property from use in the sale of gasoline.

■ It is also familiar law that the purchaser at foreclosure sale cannot acquire an outstanding adverse title from third parties and assert such title in defense of a bill filed by the mortgagor or his successors in interest to redeem from the foreclosure sale. Wells v. American Mortgage Company of Scotland, 109 Ala. 430, 20 So. 136; Hambrick v. Russell, 86 Ala. 199, 5 So. 298; Bolling & Son v. Pace, 99 Ala. 607, 12 So. 796.

The money borrowed was paid out in discharge of the indebtedness from A. V. Jones to the Woco-Pep Company and relieved Gunter from his liability to the company and was used otherwise by Jones in his business, the loan being for $1,000. Some payments were made on the loan before the foreclosure.

After the loan was made and before foreclosure, the respondent Gunter procured an abstract of title to the mortgaged property, and discovered that the next of kin of the deceased wife of Jones, her mother (a Mrs. Ramey) owned one-half interest in the property embodied in the mortgage. The respondent Gunter purchased this half interest for $250 and took a deed from Mrs. Ramey to himself. There was some controversy between the parties as to whether Gunter, in making this purchase, was acting for and at the instance of Robert Jones, one of the heirs of Jones, and for their benefit, or for himself. But aside from this, the great weight of the evidence goes to show that the mortgage was foreclosed at the instance of Gunter, and participated in by his attorney; that

Gunter became the purchaser at the foreclosure sale at and for the sum of $1,265.-42, and, included in this amount was the sum of $250, which Gunter paid Mrs. Ramey for her half interest, with interest added. Immediately after his purchase he stated publicly, on the courthouse steps, that the Joneses could have their property for what he paid for it and he also offered it to one of his witnesses, Gray W. Hurst, for the amount he paid which was, according to Hurst, "$1200.00 and something."

The foreclosure deed was drawn by respondent's attorney, who also represented the bank; was duly executed by the bank reciting as the consideration therefor $1,-265.42; and this deed was delivered to and accepted by Gunter and placed on record as a muniment of his title. The evidence further shows without dispute that the respondent Gunter made more than one statement of account of, "L. Q. Gunter and Citronelle State Bank. Acct. against A. V. Jones & Son. Note Citronelle Bank $850.-00; Mrs. Ramey int. $250.00; Interest $15.-62; Interest $11.34; Making Deed $10.00; Attorneys $25.00; Interest 90 days $24.98; Foreclosure Fee $40.00; Insurance $38.48. Total $1,265.42."

The charge of the court to the jury omitted any reference to the facts stated above, which we hold to be controlling. The effect of the foreclosure was to treat the $250 paid by Gunter to Mrs. Ramey for her interest in the property as a part of the mortgage debt, and to include it in the bid at the foreclosure sale as a debt of the Jones estate.

Gunter, in response to the following question, on his cross examination: "Q. When you hollored out your bid, I will ask you, if it is not true you said $1,265.42?" answered, "I don't remember about that. My intention, whether I did it or not, my intention was to bid what was due at the bank."

Our conclusion is that the defendant Gunter is conclusively bound by his acts, including in his bid the purchase money paid by him to Mrs. Ramey with interest as a part of the debt due from the Jones estate, and he is only entitled, under the principles of law which we have stated, to the amount of his bid with interest, as provided by the statute. Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399.

The complainants are entitled to a decree affirming their right to redeem the fee simple title to the property, divesting Gunter of said title, and investing the same in complainants.

The decree of the circuit court is reversed, and one here rendered, granting the complainants relief as prayed in the bill; and the cause is remanded to the circuit court with directions to ascertain the amount necessary to be paid into the registry of the court to effect redemption; and for such other proceedings to that end, not inconsistent with this opinion.

Reversed, rendered and remanded.

GARDNER, C. J., and LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.