BRADLEY, Presiding Judge.
This is a summary judgment case.
On November 12,1985 the plaintiff, First State Bank of Alabama, filed an ejectment complaint against defendants, Steven E. Thompson and Melissa L. Thompson. The complaint alleged that the plaintiff was entitled to possession of certain described real estate pursuant to a mortgage foreclosure sale and, further, that defendants were in unlawful possession of the property.
Plaintiff subsequently filed a motion for summary judgment on December 27, 1985, alleging no genuine issue as to material fact and that plaintiff was entitled to judgment as a matter of law. A hearing was held on plaintiff’s motion, and the court considered the exhibits and affidavits offered by the plaintiff in support of its motion and the affidavit of Melissa Thompson offered by defendants, as well as answers to interrogatories and a response to request for admissions propounded by defendants to the plaintiff. The court granted summary judgment in favor of plaintiff and held that: (1) plaintiff was entitled to possession of the property, (2) defendants had forfeited their right of redemption under section 6-5-233, Code 1975, and (3) plaintiff’s damages for denied possession amounted to $3,285.00.
Defendants appeal.
The dispositive issue in this case is whether summary judgment was properly granted. The party who moves for summary judgment must prove that no genuine issue of material fact remains undecided and that, as a matter of law, the movant is entitled to judgment. Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983). Conversely, the party who opposes the summary judgment motion must establish that a genuine issue of material fact is left undecided. Garrigan, supra. The opposing party cannot simply rely on the mere allegations or denials set forth in the pleadings as support for his position; instead, he must present facts which warrant going to trial. Garrigan, supra.
Plaintiff supported its motion with affidavits and exhibits. This evidence reveals that defendants executed a note and mortgage to plaintiff on July 7, 1982. On March 24, 1983 defendants entered into a new loan agreement with plaintiff. This second loan was for the purpose of discharging the July loan and was secured by the real estate in controversy. Defendants then entered into a third loan arrangement with plaintiff on November 24, 1984 in which the second loan was discharged, and defendants were given an advance.
Prior to the loan of July 7, 1982, defendants had executed a note and mortgage in the amount of $67,200.00 to First National Bank of Decatur (First National). This mortgage was also secured by the property which secured the plaintiff’s loans. As the First National loan was earlier in time and would have priority over plaintiff’s loans at foreclosure, plaintiff purchased the First *860 National mortgage from AmSouth Bank, N.A. (the successor in interest of First National).
As defendants were in default, plaintiff instituted foreclosure proceedings on both notes pursuant to the power of sale clauses in the mortgages and purchased the property at the foreclosure sale.
A plaintiff who establishes that he has both legal title to the property when his complaint is filed and a right to immediate possession has established the elements for statutory ejectment. Atlas Subsidiaries v. Kornegay, 288 Ala. 599, 264 So.2d 158 (1977). Further, if the mortgage and foreclosure deed, either the original documents or certified copies thereof, are produced, as well as proof of both demand for and refusal to deliver possession, then all the necessary elements of ejectment are established. Jones v. Butler, 286 Ala. 69, 237 So.2d 460 (1970).
The plaintiff supported its motion for summary judgment with evidence establishing each of the elements of ejectment. All of the documents were introduced and demand for and refusal to turn over possession were established. The plaintiff thus made a prima facie case establishing its right to summary judgment. The defendants were then required to establish that a genuine issue of fact did exist so as to prevent the summary judgment from issuing. Schoen v. Gulledge, 481 So.2d 1094 (Ala.1984).
Defendants responded with the affidavit of Melissa Thompson and other evidence. If it established a genuine issue of fact, then the summary judgment was improperly entered. Turner v. Systems Fuel, 475 So.2d 539 (Ala.1985). Further, her evidence must have established more than mere speculation to meet the requirement of the scintilla rule. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981).
We have carefully examined the affidavit and other parts of the record and conclude that there is an absence of evidence that would support the existence of a genuine issue of material fact. Although Melissa Thompson states that the Bank improperly foreclosed and that she and her husband had attempted to pay the debt, Mr. Thompson stated at the summary judgment hearing that they had not paid the debt because it was not owed.
As we recounted earlier, the Bank produced the notes and mortgages. The Thompsons do not deny signing them and they admit paying some $25,000 on the indebtedness. At some point after the Thompsons signed the instruments in question, they decided that the Bank was writing “bad checks” because the Bank did not have coins or currency with which to redeem the checks they had issued. However, when questioned, Mr. Thompson said that none of the Bank’s checks issued to them had been returned for insufficient funds.
Based on the above, we fail to perceive the existence of a genuine issue of material fact left to be decided. The summary judgment is not erroneous.
Defendants asserted in brief that some of plaintiff’s responses to interrogatories were unacceptable and that the court erred by not compelling the plaintiff to answer them. We disagree.
In Dutton v. Dutton, 446 So.2d 615 (Ala.Civ.App.1983), we stated:
“Rule 37, Alabama Rules of Civil Procedure, provides a method to deal with a failure to respond to discovery. Under its terms when a party fails to respond to interrogatories, the party propounding them may seek a court order by motion to compel response. Rule 37(a)(2), A.R.Civ.P.”
We also pointed out that the proponent of the interrogatories in the Dutton case failed to file a motion to require that the interrogatories be answered. In fact, they did not object until trial. Similarly, the Thompsons failed to object to the Bank’s responses to interrogatories until the sum *861 mary judgment hearing. Their objections are, consequently, too late. Dutton, supra.
Defendant has alleged other errors on the part of the Morgan County Circuit Court. No authorities were cited in brief for one of these alleged errors; thus, we will not consider it. Sanders v. Sanders, 477 So.2d 462 (Ala.Civ.App.1985).
Finally, defendants maintain that the foreclosure sale was invalid, as they had previously filed suit to enforce their equity of redemption. Our examination of the record reveals that there was another suit between the Thompsons and the Bank. In that action the Thompsons had sought to have the mortgages set aside for fraud, breach of contract, and usury.
However, the record also reveals that the suit was decided adversely to the Thomp-sons. Further, it appears from the record that the Thompsons have failed to appeal the court’s determination in that case. In Phillips v. Harvey, 243 Ala. 504, 10 So.2d 857 (1942), the court noted:
“And it has long been established that the jurisdiction of the [equity] court having once attached [by the filing of the mortgagor’s suit to enforce his equity of redemption] is not lost by a subsequent foreclosure of the mortgage by a sale thereunder. The court’s jurisdiction is not thereafter ousted by a foreclosure proceeding, although no temporary injunction was issued to prevent it. While the foreclosure thus had is not absolutely suspended by the mere filing of the bill, yet its exercise is subject to the equity of the bill and to be set aside by the court if complainant is awarded relief, (emphasis added)
The Thompsons have failed to present any evidence establishing that the court in the other action determined their equity of redemption was interfered with by the Bank or that the court awarded them any relief. Thus, we have no basis on which we can set aside the foreclosure. Phillips, supra.
Plaintiff was entitled to summary judgment as a matter of law.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.